UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QUEEN CHARLOTTE FRANKLIN, | Case No. 1:25-cv-77 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| ADATH ISREAL TEMPLE, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by the Magistrate Judge on March 4, 2025. (Doc. 6). Proper notice was given to Plaintiff Charlotte Franklin (who proceeds pro se) under 28 U.S.C. § 636(b)(1)(C), including notice that she may forfeit rights on appeal if she failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Franklin has filed a document titled "Asking to Appeal", (*see* Doc. 7, PageID 36), which the undersigned will (liberally) construe as an objection. And, as explained below, the Court will overrule her "objection" and adopt the R&R in full.

I.  **BACKGROUND**

As the Magistrate Judge duly notes, the underlying hand-written complaint in this case is "rambling, difficult to decipher, and virtually incomprehensible." (Doc. 6, PageID 31). Franklin names as defendants Adath Isreal (sic) Temple, Springfield Township Police, St. Lawrence Church, St. Teresa Church, and the Fairfield Police Department. (Doc. 5, PageID 22). She blames the Springfield Township Police (and its Chief) for

1

"los[ing]" her two daughters in connection with her divorce from her first husband. (*Id.*, PageID 24). Adjusting course, Franklin accuses persons associated with St. Lawrence and St. Teresa of calling the police "on" her (for reasons unspecified). (*Id.*). In a similar vein, Adath Isreal (sic) refused her entry to pray. (*Id.*). No details are provided as to any claim against the Fairfield Police Department. (*See id.*).[1] Equally unhelpful, Franklin "has checked every possible box on the [pro se complaint] form to assert subject matter jurisdiction[.]" (Doc. 6, PageID 31; *see* Doc. 5, PageID 23).

Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge took judicial notice of the fact that *sua sponte* dismissal had been recommended in several other cases filed by Franklin <u>and</u> that she recently had "picked up the pace" by initiating <u>20</u> new cases in a two-week period (between January 31 and February 11, 2025). (Doc. 6, PageID 29). Based upon her failure to meet basic pleading standards, or provide any basis (other than checkmarks) for subject matter jurisdiction, the Magistrate Judge recommends (pursuant 28 U.S.C. § 1915(e)(2)(B)) that Franklin's instant complaint be dismissed with prejudice as frivolous and for failure to state a claim.

II. **LEGAL STANDARDS**

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or

---

[1] Thoroughly unrelated, Franklin states that her grandfather "left" her a $500 life insurance policy "which the Judges in the court refuse to grant me." (Doc. 5, PageID 24). As remedy, she asks for $5 million. (*Id.*, PageID 25).

2

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.") (citing *Miller & Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

### III. <u>ANALYSIS</u>

Franklin's objection is rambling and, much like her complaint, nearly indecipherable. "Lord knows I just wanted to pray an ask God to have his angles (sic) to go before me and bless Ms. Helen for she wants to live and go home." (Doc. 7, PageID 36–37). She dubs the "evil min[d]ed" church people "judgmental" and expresses gratitude for "every day showing God['s] Love to my Brothers and Sisters in Christ Jesus Even the sheriffe officers who think they are better." (*Id.*, PageID 37).

One thing (only) is clear: Franklin fails completely to address the Magistrate Judge's legal reasoning or challenge the recommendation of dismissal. Thus, under *Cole*, *Miller*, *Spencer*, and *Howard*, she concomitantly has failed to object, requiring no further analysis by the undersigned district judge.

### IV. **CONCLUSION**

The Court **OVERRULES** Franklin's objection, (Doc. 7), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, (Doc. 6), in full. Plaintiff's complaint, (Doc. 5), is **DISMISSED with prejudice** (pursuant to 28 U.S.C. §§ 1915(e)(2)(B)), because it is frivolous and fails to state a claim upon which relief may be granted. Furthermore, in consideration of her record of litigation and Magistrate Judge Bowman's memorandum order (issued February 12, 2025) in *Franklin v. J.C. Battle Funeral Home*, No. 1:25-cv-52, (Doc. 7), Franklin is **FORMALLY WARNED** that she is **HIGHLY LIKELY** to be deemed to be a **VEXATIOUS LITIGANT**, subject to prefiling restrictions, if she persists in filing additional cases that are factually and legally frivolous under screening standards or lack any reasonable basis for federal subject matter jurisdiction. Finally, the Court **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3)(A).[2]

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[2] Pursuant to Fed. R. App. P. 24(a)(5), Franklin—a non-prisoner—remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).